IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | ) Case No. |
| | ) |
| INSULATION COATINGS & | ) |
| CONSULTANTS, LLC, | ) |
|     Debtor | ) |
| | ) Docket No._____ |
| INSULATION COATINGS & | ) |
| CONSULTANTS, LLC, | ) |
|     Movant | ) |
| | ) |
| vs. | ) |
| | ) |
| LIBERTY MUTUAL INSURANCE | ) |
| COMPANY, | ) |
|     Respondent | ) |

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| INSULATION COATINGS & | ) |
| CONSULTANTS, LLC, | ) |
|     Plaintiff | ) Index No. 817094/2018 |
| | ) |
| LIBERTY MUTUAL INSURANCE | ) |
| COMPANY, | ) |
|     Defendant | ) |

**NOTICE OF REMOVAL**

AND NOW, this 7th day of November, 2022, comes the Plaintiff, Insulation Coatings and Consultants, LLC (the "Debtor") by and through its counsel, Colligan Law, LLP, and files this Notice of Removal of the above-captioned action to the United States District Court for the Western District of New York, pursuant to 28 U.S.C. § 1452, et seq., and states in support as follows:

1. The Debtor filed a voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code on August 9, 2022 in the Western District of Pennsylvania Bankruptcy Court, Erie Division, at Case No. 22-10340-TPA (the "Chapter 11 Proceeding").

2. Before the Chapter 11 Proceeding was filed, Debtor filed a claim against Liberty Mutual Insurance Company ("Liberty Mutual") in the Supreme Court of Erie County, New York at Index No. 817094/2018 on October 31, 2018 (the "State Court Action"). To date, Liberty Mutual has not filed a response to the Complaint. No judge has been appointed in the case.

3. Within the State Court Action, the Debtor claims that Liberty Mutual failed to pay the Debtor the sum of $1,059,386.00 under Labor and Materials Bond and a Performance Bond procured by LPCiminelli, Inc., the contractor for the underlying project.

4. The State Court Action arose from the Debtor's failure to received payment from LPCiminelli, Inc., the general contractor on a job for the State University Construction Fund for the State University of New York at Buffalo School of Medicine & Biomedical Sciences Building Project, Project No. 30B08-06.

5. The Debtor has demanded payment from both LP Ciminelli, Inc. and Liberty Mutual for work performed on the project.

6. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1334.

7. The parties to the State Court Action are attempting to prosecute claims on behalf of the Debtor.

*8.* This Court has jurisdiction over the claims contained in the State Court Action under 28 U.S.C. § 1334 because each claim arises under or is related to the Chapter 11 proceeding. *Harrell v. Carrington Mortg. Servs., LLC,* No. CV 20-2359, 2020 WL 3412546, at *1 (E.D. Pa. June 22, 2020).

9.  Each claim and cause of action in the State Court Action is a core proceeding under 28 U.S.C. § 157(b)(2) because they allege claims for and against the bankruptcy estate and accordingly should be removed to the United States District Court for the Western District of New York.

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1452 ("§ 1452") and Fed. R. Bankr. 9027(a)(2) because it is filed "within . . . 90 days after the order for relief in the case under the Code."

11. In addition, removal is appropriate because it will allow for the efficient prosecution of all claims on behalf of, and against, the Debtor. *See Shared Network Users Group, Inc.*, 309 B.R. 446, 450 (E.D. Pa. 2004) (holding that § 1452 removal is designed to allow for the consolidation and efficient handling of cases for the benefit of judicial economy and convenience of the parties and quoting Justice Ginsburg as stating "Congress, when it added § 1452 to the Judicial Code chapter on removal of cases from state courts ... meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases" *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 132 (1995)).

12. Removal will ensure that any and all assets of the Debtor, whether currently held, acquired through the claims brought in the State Court Action, or otherwise acquired, will be received by the Debtor and disbursed for only proper purposes.

13. Further, removal will serve to reduce the administrative cost associated with this case and prevent duplication of efforts by, or inconsistent efforts being taken on behalf of, the Debtor.

14. Counsel for the Debtor will give prompt written notice to all parties in the State Court Action of the filing of this Notice of Removal as required by Rule 9027(a)(3)(b).

15. Movant will promptly file a true and correct copy of this Notice of Removal with the Prothonotary for the Supreme Court of Erie County, New York as required by Rule 9027(c).

16. Copies of all process and pleadings in the State Court Action are attached hereto as Exhibit A as required by Rule 9027(a)(1).

17. By removing the above-captioned action to this Court, the Debtor does not waive any of the defenses, claims or rights available to it.

WHEREFORE, the Debtor respectfully requests that the State Court Action now pending in the Supreme Court of Erie County, New York, at docket number 817094/2018 be removed therefrom and proceed in this Court as an action properly removed to it.

Respectfully submitted,

Colligan Law LLP
Attorneys for Plaintiff

By: */s/ Frederick J. Gawronski*
Frederick J. Gawronski, Esquire
NY ID
12 Fountain Plaza Suite 600
Buffalo, NY 14202
416-885-1150
fgawronski@colliganlaw.com

*Pro Hac Vice Pending*

Bryan G. Baumann, Esquire
NY ID 5166301
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800
bbaumann@knoxlaw.com

# 2379208.v3